JUDGE SCHEINDLIN

FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) 05 CIV 2181 | |
| Plaintiff, ) | |
| v. ) | PLAINTIFF'S MEMORANDUM OF |
| Richmond Global Associates, LLC, ) | LAW IN SUPPORT OF *EX PARTE* |
| Richmond Global Director, LLC, ) | MOTION TO SEAL FILE |
| Richmond Global MCA, LLC, ) | TEMPORARILY |
| Richmond Global Managed Account, LLC, ) | |
| Richmond Global, Ltd., ) | |
| RG Group Holdings, LLC ) | |
| Vincenzo Danio, ) | |
| Joseph Pappalardo, ) | |
| Ronald Turner, and ) | |
| Miron Vinokur, ) | |
| Defendants ) | |

I.

Introduction

Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") respectfully requests that the Court temporarily seal the entire file in this case until appropriate financial institutions are served with the Court's order freezing the assets of Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur (collectively, the "Defendants") and the parallel criminal proceedings are made public. As explained in the Commission's Memorandum of Law in Support of its *Ex Parte* Motion for Statutory Restraining Order, from at least December 2001 through January 2005, the Defendants fraudulently solicited

and obtained funds from customers for the purpose of trading foreign currency contracts which were, in fact, off-exchange foreign currency futures contracts, in violation of Section 4b(a)(2) of the Commodity Exchange Act, 7 U.S.C. 6b(a)(2) (2001).

The Commission has filed a Complaint for Injunctive and Other Equitable Relief (the "Complaint"). To preserve assets, the Commission has also filed a motion for an *Ex Parte* Statutory Restraining Order that would freeze assets, among other things. Because premature public knowledge of this proceeding could substantially frustrate the purposes of the relief being sought, the Commission seeks an order temporarily sealing the file until related criminal matters against the Defendants are made public and service on the appropriate financial institutions is completed. The proposed Order Temporarily Sealing File allows the Commission to provide a copy of the entire file to any receiver appointed by the Court in this matter and copies of the *Ex Parte* Statutory Restraining Order to any financial institution at which the Defendants hold accounts so that the books, records, premises, and assets of the Defendants may be properly secured and the status quo is maintained.

II.

A Temporary Seal is Necessary To Protect Assets and Evidence and to Preserve This Court's
Ability To Grant Effective Relief.

The Court may, in its discretion, seal documents if its decision is necessitated by a compelling government interest and the seal is narrowly tailored to that interest. *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988), citing *Press Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (*Press Enterprise I*) (presumption of public access may be overcome when "closure is essential to preserve higher values and is narrowly tailored to serve that interest"); accord, *Press Enterprise Co. v. Superior Court*, 478 U.S. 1, 9-10 (1986) (*Press Enterprise II*) (same). The Second Circuit has held that the integrity of significant government activities

entitled to confidentiality, such as ongoing undercover investigations or detection devices, are compelling interests justifying a request for a motion to seal. *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995), quoting *In re Herald Co.*, 734 F.2d 93, 100 (2d Cir. 1984). The specific needs of this case amply demonstrate that the temporary seal sought is both necessitated by compelling government interests and narrowly tailored to meet those interests.

The Commission is involved in a confidential undercover investigation with the Federal Bureau of Investigation ("FBI") and the U.S. Attorney's Office for the Southern District of New York ("SDNY") to uncover fraud being perpetrated by the Defendants. The integrity of this undercover operation will be compromised if the documents relating to this matter are not kept under seal until the parallel criminal proceedings against the Defendants are made public and the appropriate financial institutions are served with the Court's order freezing the Defendants' assets.

First, the Commission desires to preserve assets so that it may redress customer losses. The Commission is concerned that if the Defendants learn about the Commission's action prior to service of the proposed Statutory Restraining Order, they will dissipate assets. Defendants currently have access to and sole control over customer funds and their own funds. By permitting the Commission to provide a copy of the entire file to the Court-appointed receiver, the Court-appointed receiver can take custody of any funds that may be frozen to maintain the status quo for the victims of Richmond Global

Second, the Commission wants to preserve evidence. The proposed Statutory Restraining Order would provide the Commission with access to books, records, and other important evidence. If the Defendants receive notice of this action prior to the Commission's access to their books and records, important evidence may be removed or even destroyed.

In addition to serving compelling interests, the Commission's request is narrowly tailored. The Commission asks only that the record remain sealed until the parallel criminal actions are

publicly filed and until service on the appropriate financial institutions is completed. Thus, the public's denial of access would be short-lived and this matter will ultimately be litigated on a public record.

### III.

### Conclusion

Out of its desire to preserve assets and evidence, the Commission has not given the Defendants notice of this action. The Commission asks that the Court continue this protection by temporarily sealing the record until the parallel criminal actions are publicly filed and until service on the appropriate financial institutions is completed. The Commission therefore requests that the pleadings, motions, memoranda, exhibits, proposed orders, and Orders in this action be sealed to enable agents of the Commission to serve the Defendants with the Complaint, the *Ex Parte* Statutory Restraining Order, and accompanying materials without advance notice, and to serve financial institutions holding the assets of the Defendants.

The proposed Order provides that the seal expires upon the public filings of the parallel criminal actions and when the appropriate financial institutions have been served with the Court's order freezing the Defendants' assets.

Dated: New York, New York
       February 14, 2005

                                                 Respectfully submitted,

                                                 U.S. COMMODITY FUTURES TRADING
                                                 COMMISSION

                                                 Stephen J. Obie
                                                 Regional Counsel

                                       By: _____
                                                 Karin N. Roth [KR-2669]
                                                 Senior Trial Attorney

                                                 Steven Ringer [SR-9491]

Chief Trial Attorney

David W. MacGregor
Chief Trial Attorney

Division of Enforcement
U.S. Commodity Futures Trading Commission
Eastern Regional Office
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9764
(646) 746-9940 (facsimile)
kroth@cftc.gov