JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED UNDER SEAL

05 CV 2181

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER TEMPORARILY |
| Richmond Global Associates, LLC, | ) SEALING FILE |
| Richmond Global Director, LLC, | ) |
| Richmond Global MCA, LLC, | ) |
| Richmond Global Managed Account, LLC, | ) |
| Richmond Global, Ltd., | ) |
| RG Group Holdings, LLC | ) |
| Vincenzo Danio, | ) |
| Joseph Pappalardo, | ) |
| Ronald Turner, and | ) |
| Miron Vinokur, | ) |
| | ) |
| Defendants | ) |
| | ) |

Plaintiff U.S. Commodity Futures Trading Commission (the "Commission") has filed a Complaint for permanent injunction and other relief, and moved *ex parte*, pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2001), for a Statutory Restraining Order freezing the assets of Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur (collectively, the "Defendants") prohibiting the Defendants from among other things destroying any business or financial records or documents, allowing the Commission immediate access to inspect and copy the Defendants' books, records, and documents, ordering Defendants to show cause why a preliminary injunction should not be issued, and containing ancillary relief. The Court has considered the pleadings,

declarations, exhibits, and memorandum filed in support of the Commission's motion and now being fully advised in the premises finds that:

(1) the Court has jurisdiction over the subject matter of this case, and that Section 6c of the Act, 7 U.S.C. § 13a-1, authorizes *ex parte* relief;

(2) there is good cause to believe that the Defendants have engaged, are engaging, or are about to engage in violations of the Act;

(3) the public's right of access is strongly outweighed by the competing interest of the Plaintiff in executing its law enforcement responsibilities;

(4) the public's right of access is strongly outweighed by the danger that the Defendants may dissipate or transfer assets, or may destroy books, records, or other documents; and

(5) the requested temporary seal is narrowly tailored to serve these interests.

**THEREFORE IT IS HEREBY ORDERED** that the Plaintiff's *ex parte* motion to seal the entire file temporarily is GRANTED and that such file be sealed temporarily until service of the *Ex Parte* Statutory Restraining Order is made upon appropriate financial institutions; and the parallel criminal actions are publicly filed.

**IT IS FURTHER ORDERED** that even while this file remains sealed, the Plaintiff may provide a copy of the entire file to any receiver appointed by the Court in this matter and copies of the *Ex Parte* Statutory Restraining Order to any financial institution at which the Defendants hold accounts so that the books, records, premises, and assets of the Defendants may be properly secured and the status quo is maintained.

**SO ORDERED** this 16th day of February, 2005.

_____
United States District Court Judge
PART 2

2