FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. Commodity Futures Trading Commission,   )   05 CV 2181
)
                Plaintiff,   )
)
                v.   )   Plaintiff's Application for an *Ex Parte*
)   Statutory Restraining Order Freezing
Richmond Global Associates, LLC,   )   Defendants' Assets, Prohibiting
Richmond Global Director, LLC,   )   Defendants from Destroying or Altering
Richmond Global MCA, LLC,   )   any Books, Records or other Documents
Richmond Global Managed Account, LLC,   )   and Barring Defendants from Denying
Richmond Global, Ltd.,   )   Access to any Representative of the
Vincenzo Danio,   )   Plaintiff, Order Directing Defendants to
Joseph Pappalardo,   )   Repatriate Assets, Appointing a
Ronald Turner, and   )   Temporary Receiver, and Ordering
Miron Vinokur,   )   Defendants to Show Cause why a
)   Preliminary Injunction Should not be
)   Issued
                Defendants.   )
)
)

---

Stephen J. Obie
Regional Counsel

Karin N. Roth [KR-2669]
Senior Trial Attorney

Steven Ringer [SR-9491]
Chief Trial Attorney

David MacGregor
Chief Trial Attorney

U.S. Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
(646) 746-9764

Plaintiff, the U.S. Commodity Futures Trading Commission ("Commission"), applies to this Court, pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1 (2001), for an *ex parte* statutory restraining order:

(1)     Freezing the assets of Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur (collectively, the "Defendants");

(2)     Prohibiting Defendants, their agents, attorneys, partners, servants, representatives, employees, any person(s) acting or purporting to act for or on their behalf, and corporate and partnership entities, from dissipating, transferring or encumbering Defendants' assets, including any assets held outside the United States;

(3)     Requiring that Defendants transfer all funds and assets to the Registry of this Court, or otherwise as the Court may order, and repatriate to the territory of the United States and deliver to the Registry of this Court, or otherwise as the Court may order, all funds, documents, and assets located in foreign countries which are (1) titled in the name individually or jointly of any Defendant; or (2) held by a person or entity for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly;

(4)     Requiring any financial or brokerage institution, business entity, or person that holds, controls or maintains custody of any account or asset of, or at any time since September 2001, has held, controlled, or maintained custody of, any account of Defendants to: (a) prohibit any person from transferring, dissipating, withdrawing or encumbering any such current assets;
(b) deny any person access to Defendants' safe deposit boxes; and (c) provide the Commission with a statement describing assets held on behalf of Defendants and allowing representatives of the Commission access to inspect and copy records pertaining to the accounts;

(5) Requiring the Defendants to: (a) provide the Commission with a full accounting, within five business days of the order's service, of documents, assets and all funds received from clients and the use of or current location of all such funds; (b) provide the Commission with a list containing the names, addresses, and telephone numbers of all of Defendants' clients; (c) transfer assets including foreign-held assets and documents to the United States; and (d) sign consents to the release of financial records that waive foreign bank secrecy laws;

(6) Prohibiting Defendants, their agents, attorneys, partners, servants, representatives, employees, attorneys, any person(s) acting or purporting to act for or on their behalf from: (1) destroying or altering books, records or other documents of Defendants; and (2) denying the receiver and agents of the Commission access to inspect and copy any such books, records and documents of Defendants either on or off the premises where they may be situated;

(7) Granting the appointment of a temporary receiver to take control of and marshal assets of the Defendants for potential redress; and

(8) Ordering the Defendants to appear before this Court to show cause why this Court should not enter a Preliminary Injunction enjoining Defendants from further violations of the Act, and ordering any additional relief this Court deems appropriate.

In support of this motion, the Commission respectfully refers the Court to the Commission's Memorandum of Law and exhibits filed herewith. As explained in the Commission's Memorandum of Law, Defendants have engaged in the fraudulent solicitation of customers and, consequently, violated Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001).

Further, providing advance notice of this action to the Defendants may result in the dissipation and/or concealment of assets and destruction of documents. Such actions will cause immediate and irreparable damage to the Commission's efforts to redress losses. In addition, issuing the proposed Statutory Restraining Order without notice will protect the Court's ability to

grant full and effective relief by preserving the records of Defendants' acts and any remaining assets of the Defendants. For these reasons, the Commission requests that this motion be heard *ex parte* without notice to Defendants. Pursuant to Local Civil Rule 6.1, the Commission has made no previous application for similar relief concerning these parties.

For the foregoing reasons, the Commission respectfully requests that the Court:

(1)    enter an *ex parte* Statutory Restraining Order (i) freezing the assets of Defendants and their related corporate and partnership entities; (ii) requiring the Defendants to transfer documents and assets including foreign-held assets to the Registry of this Court, or otherwise as the Court may order; (iii) prohibiting Defendants and their related corporate and partnership entities, from destroying or altering any books, records or other documents and barring Defendants and their agents from denying access to those books, records and documents to any representative of plaintiff; and (iv) granting the appointment of a temporary receiver; and

(2)    Order Defendants to show cause why a preliminary injunction should not be issued.

Date:  February ___, 2005
       New York, New York

                                        Respectfully submitted,

                                        U.S. COMMODITY FUTURES TRADING
                                        COMMISSION

                                        Stephen J. Obie
                                        Regional Counsel

                                        By: /s/ Karin A. Roth
                                        Karin Roth [KR-2669]
                                        Senior Trial Attorney

                                        David MacGregor
                                        Chief Trial Attorney

                                        Steven Ringer [SR-9491]
                                        Chief Trial Attorney

Division of Enforcement
U.S. Commodity Futures Trading Commission
Eastern Regional Office
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9764
(646) 746-9940 (facsimile)
kroth@cftc.gov