FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) | 05 CV 2181 (SAS) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | *Ex Parte* Statutory Restraining Order |
| Richmond Global Associates, LLC, ) | Freezing Defendants' Assets, Prohibiting |
| Richmond Global Director, LLC, ) | Defendants from Destroying or Altering |
| Richmond Global MCA, LLC, ) | any Books, Records, or other Documents, |
| Richmond Global Managed Account, LLC, ) | and Appointing a Temporary Receiver, |
| Richmond Global, Ltd., ) | and Order to Show Cause why a |
| RG Group Holdings LLC ) | Preliminary Injunction Should Not be |
| Vincenzo Danio, ) | Entered |
| Joseph Pappalardo, ) | |
| Ronald Turner, and ) | |
| Miron Vinokur, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, U.S. Commodity Futures Trading Commission (the "Commission"), has filed a complaint for permanent injunction and other relief, and moved *ex parte*, pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §13a-1 (2001), for a statutory restraining order freezing assets, ordering foreign-held assets and documents to be transferred and repatriated to the United States, prohibiting the destruction of books, records, or other documents, appointing a temporary receiver, and ordering Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, LLC, Richmond Global, Ltd., RG Group Holdings LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur (collectively, the "Defendants") to show cause why a preliminary injunction should not be issued. The Court has

considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's application and now, being fully advised in the premises, finds that:

(1) This Court has jurisdiction over the subject matter of this case, and Section 6c of the Act, 7 U.S.C. §13a-1 (2001), authorizes *ex parte* relief;

(2) Absent the entry of this statutory restraining order, Defendants are likely to dissipate or transfer assets and destroy business records; and

(3) This is a proper case for granting a statutory restraining order *ex parte* to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties; therefore the Court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonable usable form. A draft or non-identical copy is a separate document within the meaning of the term.

## RELIEF GRANTED

### I.   *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendants, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

- A. Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except as provided elsewhere in this Order, or as otherwise ordered by the Court; or

- B. Opening or causing to be opened any safe deposit boxes titled in the name or subject to access by any of the Defendants.

- C. Notwithstanding the provisions of this paragraph, Defendants shall repatriate to the territory of the United States and transfer to the Receiver appointed in this Order all funds and general intangibles, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash located outside the United States.

- D. This Order is subject to application by Defendants through their attorneys to release funds necessary for reasonable living expenses and attorney's fees.

### II.   *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any natural person identified to this Court, other than the individual defendants, or any financial or brokerage institution or business entity that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since December 2001 shall:

3

A. Prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court;

B. Deny Defendants and all other persons access to any safe deposit box that is: (1) titled in the name of any Defendant either individually or jointly; or (2) otherwise subject to access by any Defendant;

C. Provide the Receiver appointed in this Order, within five (5) business days of receiving a copy of this Order, a statement setting forth:

   (1) the identification number of each such account or asset titled in the name, individually or jointly, of any of the Defendants or held on behalf of, or for the benefit of, any of the Defendants, or under the control of any of the Defendants;

   (2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

   (3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant;

D. Upon request by the Receiver appointed in this Order, promptly provide the

   receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, trading records, and safe deposit box logs; and

E.  Cooperate with all reasonable requests of the Receiver appointed in this Order relating to implementation of this Order, including transferring funds and producing records related to Defendants' accounts.

### III.  *Accounting of Assets*

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, each Defendant shall provide the Receiver appointed in this Order with a full accounting of all funds, documents, and assets both within and outside the United States which are (1) titled in the name individually or jointly of such Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly;

### IV.  *Temporary Receiver*

**IT IS FURTHER ORDERED** that John Moscow is appointed temporary Receiver ("Receiver") for Defendants with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

### V.  *Duties of Receiver*

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Take exclusive custody, control, and possession of all the funds, property, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, in the possession of, or under the control of the Defendants, wherever situated;

B. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including documents related to customers or clients whose interest are now held by or under the direction possession, custody or control of the Defendants;

C. Preserve, hold and manage assets of the Defendants and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

D. Prevent the withdrawal or misapplications of funds entrusted to the Defendants and otherwise protect the interest of customers or clients;

E. Collect all money owed to the Defendants;

F. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal, or foreign court necessary to preserve or increase the assets of the receivership or to carry out his or her duties pursuant to this Order;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

H. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

I. Open one or more bank accounts as designated depositories for funds of the Defendants. The Receiver shall deposit all funds of the Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

J. Make payments and disbursements from the receivership estate necessary or advisable for carrying out the directions of or exercising the authority granted by this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except from payments that the Receiver deems necessary or advisable to secure assets of the Defendants; and

K. Make mirror images of all data stored in electronic storage devices, including but not limited to computers, laptops, Blackberries, PDAs, phones, and all other electronic sources of information possessed by the Defendants,

### VI. *Delivery of Assets to Receiver*

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, owned beneficially or otherwise, wherever situated, of the Defendants;

B.  Possession and custody of documents of the Defendants, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), clients lists, title documents, trading records, and other papers;

C.  Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendants;

D.  Mirror images of all data stored in electronic storage devices, including but not limited to computers, laptops, Blackberries, PDAs, phones, and all other electronic sources of information possessed by the Defendants; and

E.  Information identifying the accounts, employees, properties, or other assets or obligations of the Defendants.

### VII. *Legal Action involving Receivership*

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A.  Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.  Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of,

      property of the receivership or any property claimed by the receivership, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in receivership property, whether such acts are part of a judicial proceeding or otherwise;

C.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the receivership, or the Receiver, or any agent of the Receiver; and

D.    Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.

E.    This Section does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

### VIII.  *Compensation of the Receiver*

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by the Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the entry date

9

of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### IX.   *Bond Posted by Receiver*

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 754 (2001), the Receiver shall file with the Clerk of the Court a bond in the amount of $20,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

### X.   *Maintenance of and Access to Business Records*

**IT IS FURTHER ORDERED** that Defendants, and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of any Defendant.

### XI.   *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant or that may be subject to any provision of this Order.

### XII.   *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Karin N. Roth, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor,

New York, New York 10005.

### XIII. *Order to Show Cause*

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on the 2nd day of March, 2005, at 4:30 pm, before the Honorable Shira Scheindlin, at the United States Courthouse for the Southern District of New York at 500 Pearl Street, New York, New York, to show cause why this Court should not enter a preliminary injunction:

- A. Enjoining Defendants from further violations of the Act;
- B. Continuing the freeze on the assets of Defendants;
- C. Ordering Defendants to transfer and deliver to the Receiver, or otherwise as the Court may order, all funds and assets including those located in foreign countries which are (1) titled in the name individually or jointly of any Defendant; or (2) held by a person or entity for the benefit of any Defendant; or (3) under such Defendant's direct or indirect control, whether jointly or singly;
- D. Ordering Defendants, financial or brokerage institutions, business entities, and others to provide all documents specified in this Order to the Commission;
- E. Making the Receiver's appointment permanent; and
- F. Ordering any additional relief this Court deems appropriate.
- G. Should any party wish to file a memorandum of law or other papers concerning the issuance of a preliminary injunction against Defendants, such materials shall be filed, served and received by all parties at least two (2) days before the hearing date ordered above.

### XIV. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until

further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

    SO ORDERED, at ___New York___, New York on this _16_ day of ___February___, 2005, at _4:15_ p.m.

_____
UNITED STATES DISTRICT JUDGE