UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Bond Number CFB 8797710
-----------------------------------
U.S. Commodity Futures Trading Commissions
                                  Plaintiff,
              -v-
Richmond Global Associates, LLC, Richmond Global
Director, LLC, Richmond Global MCA, LLC, Richmond
Global Managed Account, LLC, Richmond
Global, Ltd., RG Group Holdings, LLC              TEMPORARY
Vincenzo Danio, Joseph Pappalardo, Ronald Turner, RECEIVER
And Miron Vinokur,

                                  Defendants.     05 CV 2181(SS) (SAS)
-----------------------------------

**KNOW ALL MEN BY THESE PRESENTS, That we, John Moscow of Three New York Plaza, 14th Floor, New York, New York 10004**, and the FIDELITY & DEPOSIT COMPANY OF MARYLAND, having an office and place of business at 105 East 17th Street, New York, NY #10003, as Surety, are held and firmly bound unto the People of the State of New York, in the sum of **TWENTY THOUSAND AND 00/100THS--------($20,000.00)DOLLARS**, lawful money of the United States, to be paid to the People of the State of New York, for which payment, well and truly to be made, the said **John Moscow** binds himself/his heirs, executors and administrators, and the said Company binds itself, its successors and assigns, jointly and severally, firmly by these presents.

Sealed with our seals, and dated the 28th day of February, 2004.

WHEREAS, by an Order by Honorable Shira A. Scheindlin made on the 16th day of February 2005 of the above entitled Court, the above named **John Moscow** was duly appointed Temporary Receiver in the above entitled action.

NOW, The CONDITION OF THIS OBLIGATION IS SUCH, That, if the said **John Moscow** shall faithfully discharge the duties of his trust, and shall duly account for all moneys received by him as such Temporary Receiver, then this obligation shall be void, otherwise to be in full force and effect.

By: _____
       John Moscow        Principal

FIDELITY & DEPOSIT COMPANY OF MARYLAND

By: _____
       Margaret McLaughlin,    Attorney-In-Fact

Approved
3/3/05
[signature]

## Power of Attorney
### FIDELITY AND DEPOSIT COMPANY OF MARYLAND
### COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, corporations of the State of Maryland, by THEODORE G. MARTINEZ, Vice President, and ERIC D. BARNES, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute, and appoint Sybil LEVINE, Maria SPONZA, Anita HUNTER, Margaret MCLAUGHLIN and Carol LEVINE, all of New York, New York, EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This Power of Attorney revokes that issued on behalf of Maria SPONZA, Anita HUNTER, Carol LEVINE, Sybil LEVINE, Margaret MCLAUGHLIN, dated August 5, 2004.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seals of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, this 26th day of August, A.D. 2004.

ATTEST:                                             **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
                                                    **COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**

 

*Eric D. Barnes    Assistant Secretary*      By: *Theodore G. Martinez*

State of Maryland  } ss:
City of Baltimore  }

On this 26th day of August, A.D. 2004, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came THEODORE G. MARTINEZ, Vice President, and ERIC D. BARNES, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Companies aforesaid, and that the seals affixed to the preceding instrument is the Corporate Seals of said Companies, and that the said Corporate Seals and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Dennis R. Hayden    Notary Public*
My Commission Expires: February 1, 2005

POA-F 093-5456



## FIDELITY AND DEPOSIT COMPANY
### OF MARYLAND
### 3910 KESWICK ROAD, BALTIMORE, MD 21203

### Statement of Financial Condition
### As Of December 31, 2003

#### ASSETS

| | |
|---|---:|
| Bonds | $ 125,371,211 |
| Stocks | 35,569,210 |
| Mortgage Loans | 2,514,286 |
| Cash in Banks and Offices and Short Term Investments | 1,188,921 |
| Other Accounts Receivable | 1,455,823 |
| TOTAL ADMITTED ASSETS | $ 166,099,451 |

#### LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $ 154,962 |
| TOTAL LIABILITIES | | $ 154,962 |
| Capital Stock, Paid Up | $ 5,000,000 | |
| Surplus | 160,944,489 | |
| Surplus as regards Policyholders | | 165,944,489 |
| TOTAL | | $ 166,099,451 |

Securities carried at $15,107,004 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2003 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $166,895,955 and surplus as regards policyholders $166,740,637.

I, DAVID A. BOWERS, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2003.

*Corporate Secretary*

State of Illinois  
City of Schaumburg  } SS:

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 27th day of February, 2004.

*Notary Public*

OFFICIAL SEAL  
NANCY W. SIEDER  
NOTARY PUBLIC - STATE OF ILLINOIS  
MY COMMISSION EXPIRES 2-14-2005



# THIS IMPORTANT DISCLOSURE NOTICE IS PART OF YOUR BOND

We are making the following informational disclosures in compliance with The Terrorism Risk Insurance Act of 2002. No action is required on your part.

### Disclosure of Terrorism Premium

The premium charge for risk of loss resulting from acts of terrorism (as defined in the Act) under this bond is $__waived__. This amount is reflected in the total premium for this bond.

### Disclosure of Availability of Coverage for Terrorism Losses

As required by the Terrorism Risk Insurance Act of 2002, we have made available to you coverage for losses resulting from acts of terrorism (as defined in the Act) with terms, amounts, and limitations that do not differ materially as those for losses arising from events other than acts of terrorism.

### Disclosure of Federal Share of Insurance Company's Terrorism Losses

The Terrorism Risk Insurance Act of 2002 establishes a mechanism by which the United States government will share in insurance company losses resulting from acts of terrorism (as defined in the Act) after a insurance company has paid losses in excess of an annual aggregate deductible. For 2002, the insurance company deductible is 1% of direct earned premium in the prior year; for 2003, 7% of direct earned premium in the prior year; for 2004, 10% of direct earned premium in the prior year; and for 2005, 15% of direct earned premium in the prior year. The federal share of an insurance company's losses above its deductible is 90%. In the event the United States government participates in losses, the United States government may direct insurance companies to collect a terrorism surcharge from policyholders. The Act does not currently provide for insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.

### Definition of Act of Terrorism

The Terrorism Risk Insurance Act defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:
1. to be an act of terrorism;
2. to be a violent act or an act that is dangerous to human life, property or infrastructure;
3. to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of title 49, United 17 States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and
4. to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

These disclosures are informational only and do not modify your bond or affect your rights under the bond.

Copyright Zurich American Insurance Company 2003

~0050749.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commissions,<br><br>    Plaintiff,<br><br>    -against-<br><br>Richmond Global Associates, LLC, Richmond Global Director, LLC Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC Vincenzo Danio, Joseph Pappalardo, Ronald Turner,and Miron Vinokur,<br><br>    Defendants. | OATH OF TEMPORARY RECEIVER<br><br>05 CV 2181(SS) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I, **John Moscow** appointed Temporary Receiver for the benefit of the Plaintiff of all assets of the defendants described in the Complaint in the above action by order of this Court made and entered herein on the    day of       , 2005 do swear that I will faithfully, honestly and impartially discharge the trust committed to me as such Temporary Receiver.

                         _____
                              John Moscow

SWORN TO BEFORE ME

This  2nd  day of  March , 2005.

                         _____
                              Notary Public

NATALIE A. NAPIERALA
Notary Public, State of New York
No. 02NA4995028
Qualified in New York County
Commission Expires April 13, 2006