UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
             :
U.S. COMMODITY FUTURES TRADING   :
COMMISSION,                           :
             :   **SCHEDULING ORDER**
          Plaintiff,      :   05 Civ. 2181 (SAS)
             :
   v.                                 :
             :
RICHMOND GLOBAL ASSOCIATES, L.L.C.  :
et al.,                                   :
          Defendants.    :
             :
------------------------------------------------------------x

       **WHEREAS,** the Court issued an Order for a Conference in accordance with Fed.R.Civ.P. 16(b) on March 16, 2005 (the "Order"); and

       **WHEREAS**, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       **NOW, THEREFORE**, the parties hereby submit the following information as required by the Order:

(1)    <u>Date of the conference and Appearances for the parties</u>: The initial pretrial conference is scheduled for April 7, 2005 at 4:30 p.m.

        <u>Plaintiff U.S. Commodity Futures Trading Commission (the "Commission")</u>: The Commission is a federal agency which is appearing through David W. MacGregor, Karin N. Roth and other attorneys in its Division of Enforcement. Plaintiff's address is Commodity Futures Trading Commission, 140 Broadway, 19th Floor, New York, New York 10005. The attorney's email addresses are dmacgregor@cftc.gov and kroth@cftc.gov and their telephone number is (646) 746-9733 and the fax number is (646) 746-9940.

Defendant Vincenzo Danio ("Danio"): Danio was represented by James Froccaro ("Froccaro") at a conference in the instant case on March 9, 2005. Froccaro's address is 7 Old Shore Road, Port Washington, New York 11050 and his telephone number is (516) 977-5062. Danio has failed to answer the complaint, and the time for Danio to answer the complaint has expired. Danio has failed to plead in, or otherwise defend this action.

Defendant Joseph Pappalardo ("Pappalardo"): Pappalardo is represented by Lawrence F. Ruggiero ("Ruggiero") whose address is 167 East 61st Street, Suite 17E, New York, New York 10021 and his telephone number is (212) 406-2910. Pappalardo filed a general denial of the allegations in the complaint on April 1, 2005.

Defendant Ronald Turner ("Turner"): Turner is represented by Robert Koppelman whose address is 585 West End Avenue, New York, New York 10024, his e-mail address is robertkoppelman@yahoo.com and his telephone number is (212) 577-6580. Turner filed a general denial of the allegations in the complaint on April 1, 2005.

Defendant Miron Vinokur ("Vinokur"): Vinokur is now appearing pro se. A Criminal Justice Act attorney, Bennett Epstein ("Epstein"), was appointed for Vinokur in a parallel criminal matter, *United States v. Danio, et al*, 05 CR 157, by the Hon. Barbara S. Jones. Epstein entered a "limited appearance" on Vinokur's behalf at a conference in the instant case on March 9, 2005. Epstein's address is 100 Lafayette Street, New York, New York 10013, his email address is bennett_epstein@hotmail.com and his telephone number is (212) 684-1230. Vinokur filed a general denial of the allegations in the complaint on March 15, 2005.

Defendants Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond

<u>Global, Ltd., and RG Group Holdings, LLC (collectively "Richmond Global Entities")</u>:

The Richmond Global Entities have failed to answer the complaint, and the time for the Richmond Global Entities to answer the complaint has expired. The Richmond Global Entities have failed to appear in, plead, or otherwise defend this action.

(2) <u>A Concise Statement of the Issues:</u>

The complaint alleges that, starting in December 2001, the defendants solicited funds from retail customers for the purpose of trading foreign currency ("forex") contracts in violation of the anti-fraud provisions of the Commodity Exchange Act. The complaint further alleges that during these solicitations, the defendants made false promises of high returns, failed to disclose hidden commission charges, issued account statements that falsely characterized the undisclosed commissions as trading losses, made false representations regarding the risk of forex trading as well as their experience and past performance in trading forex, and misappropriated customer funds.

The Court issued a restraining order freezing the assets of the defendants on February 16, 2005. The restraining order also prohibits the defendants from destroying documents. The restraining order remains in effect. The Commission is seeking preliminary and permanent injunctive relief, a return of funds to defrauded customers, monetary penalties, and repayment of ill-gotten gains.

Defendants Pappalardo, Turner and Vinokur have generally denied the allegations of the complaint. The Richmond Global Entities and Danio have failed to answer the complaint. On March 31, 2005, the Commission requested that the Clerk of the Court enter defaults against the Richmond Global Entities and Danio.

(3)  <u>Proposed Discovery Schedule:</u>  Discovery has been stayed in this matter pending the resolution of the parallel criminal matter, *United States v. Danio, et al*, 05 CR 157 (BSJ). *See* Transcript of March 9, 2005 conference at 10-11. (The transcript is annexed as Exhibit A).  Following the resolution of *United States v. Danio, et al,* the parties propose submitting a joint discovery schedule setting forth (a) a schedule of planned depositions, (b) a schedule for the production of documents, (c) dates for serving experts' reports and for deposing experts, (d) the date discovery will be completed, (e) the date the Commission will supply its pre-trial order matters to the defendants, (f) the date the parties will submit a pre-trial order, and (g) a proposed date for a final pre-trial conference.

(4)  <u>Limitations on Discovery:</u>  The parties presently do not anticipate the need for any protective or confidentiality orders or other discovery limitations.  No efficient purpose will be served by conducting discovery in phases or in limiting discovery to particular issues since all witnesses and documents sought in discovery are likely to bear on the resolution of issues in this matter.  The parties reserve the right to revisit the need for a protective or confidentiality orders at the resolution of the parallel criminal matter.

(5)  <u>Unresolved Discovery Issues</u>:  The parties have not yet conducted any formal discovery in this action.  Therefore, there are not any unresolved discovery issues.

(6)  <u>Anticipated Fields of Expert Testimony</u>:  The Commission anticipates expert testimony regarding the (a) nature of futures, forward and spot foreign currency contracts; (b) the foreign exchange markets and (c) the nature of the Richmond Global Entities' contracts offered and sold to retail customers.  In addition, the Commission anticipates expert testimony regarding the analysis of financial records and the flow of funds.

(7)  Trial: To date, no party has requested a jury trial. Defendants Vinokur, Turner and Pappalardo reserve the right to request a trial before a jury. The parties can not presently estimate the length of time needed for a trial.

This Order may be altered or amended only on a showing of good cause not foreseeable at the time of the initial pretrial conference or when justice so requires.

**SUBMITTED BY:**

_____
Karin N. Roth
David W. MacGregor
Division of Enforcement
U.S. Commodity Futures
Trading Commission
140 Broadway
New York, NY 10005
(646) 746-9733

On behalf of Plaintiff

_____
Bennett Epstein
CJA Attorney for Miron Vinokur
100 Lafayette Street
New York, NY 10013
(212) 684-1230

_____
Lawrence F. Ruggiero
Attorney for Joseph Pappalardo
167 East 61st Street, Suite 17E
New York, NY 10021
(212) 406-2910

_____
Robert Koppelman
Attorney for Ronald Turner
585 West End Avenue
New York, NY 10024
(212) 577-6580

On behalf of Defendants

**SO ORDERED**

_____
Shira A. Scheindlin
United States District Judge

4/7/05