UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES COMMODITY FUTURES
TRADING COMMISSION,

             Plaintiff,

   -against-                                ORDER

RICHMOND GLOBAL ASSOCIATES, LLC,    05 Civ. 2181 (SAS)
RICHMOND GLOBAL MCA, LLC,
RICHMOND GLOBAL MANAGED
ACCOUNT, LLC, RICHMOND GLOBAL,
LTD., RG GROUP HOLDINGS, LLC,
VINCENZO DANIO, JOSEPH
PAPPALARDO, RONALD TURNER, and
MIRON VINOKUR,

             Defendant.
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.

       On February 16, 2005, this Court granted the United States Commodity Futures Trading Commission an *ex parte* statutory restraining order appointing John Moscow, Esq., to act as Receiver. The order directed and authorized the Receiver to "[t]ake exclusive custody, control, and possession of all the funds, property, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, in the possession of, or under the control of the Defendants,

wherever situated."[1] The Order further directs the Defendants as well as "any other person or entity served with a copy of this Order" to "deliver over to the Receiver . . . [p]ossession and custody of all funds . . . and all cash, owned beneficially or otherwise, wherever situated, of the Defendants."[2]

During his investigation into the defendants' assets, the Receiver identified a check in the amount of $24,000 issued by defendant RG Group Holdings, LLC, signed by defendant Vincent Danio,[3] and made payable to Joseph D'Amico, Esq.[4] The check is dated November 15, 2004. This money was part of a $30,000 down payment for the purchase of a real property located at 385 Father Capodanno Boulevard in Staten Island, New York.[5] The remaining $6,000 was paid by non-party Alfonso Danio, the father of defendant Vincent Danio.[6] Joseph D'Amico currently holds the sum of $30,000 in escrow under the terms of a

---

[1]   *United States Commodity Futures Trading Comm'n v. Richmond Global Assocs., LLC*, No. 05 Civ. 2181, 2/16/05 Order ¶ V.A.

[2]   *Id.* ¶ VI.A.

[3]   Vincent Danio is identified in the Complaint as "Vincenzo Danio."

[4]   *See* 5/9/05 Letter of Natalie A. Napierala, Counsel to the Receiver, to the Court ("Napierala Let.") at 2.

[5]   *See* 5/2/05 Letter of Joseph D'Amico, Counsel to Alfred Zappala and Rosalie Zappala, to Natalie A. Napierala, Attachment C to Napierala Let., at 1.

[6]   *See* Napierala Let.

contract of sale between the Danios and the sellers, non-parties Alfred Zappala and Rosalie Zappala.[7]

The contract of sale provided that "in the event a closing does not occur within 90 days of receipt by Purchaser's attorney of fully executed Contracts, the Seller may cancel the Contract and retain the amount of $15,000.00 as liquidated damages."[8] By letter dated March 7, 2005, Vincent Danio's attorney, Edward Delli Paoli, informed Joseph D'Amico that his client would not be able to close on the purchase of the real property.[9]

The Receiver now seeks an order directing that the $24,000 be transferred to the receivership account immediately. The Receiver further requests

---

[7]  See 5/17/05 Letter of Joseph D'Amico to the Court ("D'Amico Let.") at 1. In his letter to the Court, Joseph D'Amico stated that a blank contract was forwarded to Vincent Danio for his signature as purchaser but was returned bearing Alfonso Danio's signature. According to D'Amico, Vincent Danio's attorney, Edward Delli Paoli, subsequently forwarded to D'Amico a copy of the contract that Delli Paoli claimed was entered into between the Zappalas and *Vincent* Danio. *See id.* at 2. In any case, whether Vincent or Alfonso was the actual purchaser is irrelevant because the deposit in question was paid by the defendant RG Group Holdings, LLC, and signed by Vincent Danio.

[8]  See Residential Contract of Sale, dated September 2004, between Alfonso Danio and Alfred and Rosalie Zappala, Attachment B to D'Amico Let., at 1; Residential Contract of Sale, dated November 8, 2005, between Vincent Danio and Alfred and Rosalie Zappala, Attachment E to D'Amico Let., at 1.

[9]  See 3/7/05 Letter of Edward Delli Paoli, Counsel to Vincent Danio and Alfonso Danio, to Joseph D'Amico, Attachment C to Napierala Let.

that the Court order that the $6,000 from Alfonso Danio be restrained until the Receiver completes an investigation into whether this money is also a receivership asset.

Because the Zappalas may retain $15,000 under the terms of the contract, which was executed prior to the commencement of this action, that portion of the deposit is not a receivership asset. Accordingly, it is hereby ORDERED that Joseph D'Amico immediately transfer $15,000 to the receivership account. Mr. D'Amico may retain $9,000 of the amount paid by Vincent Danio as well as the $6,000 paid by Alfonso Danio.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
       June 2, 2005

## - Appearances -

**For the Receiver:**

Natalie A. Napierala, Esq.
Rosner, Moscow & Napierala, LLP
Three New York Plaza, 14th Floor
New York, New York, 10004
(212) 785-2577

**For Defendant Vincenzo Danio:**

Edward Delli Paoli, Esq.
4255 Amboy Road
Staten Island, New York 10308
(718) 984-5064

**For Non-Parties Alfred Zappala & Rosalie Zappala:**

Joseph D'Amico, Esq.
114 Seguine Avenue
Staten Island, New York 10309
(718) 984-3100