**Rosner Moscow & Napierala, LLP**

ATTORNEYS AT LAW

THREE NEW YORK PLAZA - 14TH FLOOR

NEW YORK, NEW YORK 10004-2442

(212) 785-2577

TELEFAX: (212) 785-5203

BRIAN ROSNER, ESQ.
JOHN W. MOSCOW, ESQ.
NATALIE A. NAPIERALA, ESQ.

HEATHER J. HAASE, ESQ.*
TIFFANY E. CALE, ESQ.**
JACK A. BLUM, ESQ.***
SCHEHERAZADE SALIMI, ESQ.
OF COUNSEL

*Also Admitted in TX
**Also Admitted in CA and NJ
***Admitted in DC

6/10/05

June 6, 2005

Via First-Class Mail
Honorable Shira A. Scheindlin
United States District Judge
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

Re:  *U.S. Commodity Futures Trading Commission v. Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur*, 05 CV 2181 (S.D.N.Y.) (S. Scheindlin)

Dear Judge Scheindlin:

On February 16, 2005, this Court granted the CFTC an *ex parte* statutory restraining order appointing John Moscow, Esquire to act as Receiver in the above-referenced matters. I act as the Receiver's counsel.

During the course of his investigation, the Receiver located a copy of a $24,000 check issued by defendant RG Group Holdings, LLC, signed by defendant Vincenzo Danio, and made payable to Joseph D'Amico, attorney-at-law. Based upon this investigation and the Receiver's written and oral communications with Mr. D'Amico, he learned that the $24,000, along with an additional $6,000 provided by non-defendant Alfonso Danio, father of Vincenzo, served as a down payment for the purchase of real property located at 385 Father Capodanno Boulevard, Staten Island, New York.

Rosner Moscow & Napierala, LLP

      In my May 9, 2005 letter to the Court, I respectfully requested that the Court find that the $24,000 is a receivership asset and order that it be transferred to the receivership account, so that these funds may be distributed to Richmond Global Holdings' clients pursuant to a future court-approved asset-allocation plan. I also requested that the Court order that the $6,000 be restrained until the Receiver determines whether these funds are a receivership asset.

      I am writing to request that the Court reconsider its decision set forth in its June 2, 2005 Order regarding the $24,000. I have enclosed a copy of the relevant Order.

      Equity dictates that these funds be transferred to the Receiver, and distributed to the clients as part of an asset-allocation plan. Irrespective of whether the purchase contract was entered into prior to the creation of the receivership, the Receiver believes that the entire $24,000 is a receivership asset: the $24,000 was drawn on the defendant RG Group Holdings, LLC's bank account and is comprised solely of client funds. In effect, the defendants solicited client funds and used the solicited funds for a down payment on residential real estate. The $24,000 was not defendant Danio's money, and it should not have been used to purchase personal residential real estate. Instead, it should be returned to its rightful owners, namely, the clients who invested funds with the defendants.[1]

      The Danios' subsequent alleged breach of the sales contract does not, in any way, undermine the status of these funds as a receivership asset. The sellers may file with the Receiver an unsecured claim for $9,000. If they do so, the Receiver will address their claim in the proposed asset-allocation plans.

      We respectfully request that the Court find that the $24,000 is a receivership asset and order that it be transferred to the receivership account, so that these funds may be distributed to Richmond Global Holdings' clients pursuant to a future court-approved asset-allocation plan.

      Respectfully submitted,

      */s/ Natalie A. Napierala*
      Natalie A. Napierala,
      Counsel to the Receiver, John Moscow

enc.

---

[1]     The clients were unaware that their funds were being used to purchase this parcel of real estate. Furthermore, the clients were certainly unaware that their funds would be used to pay liquidated damages because the real estate closing failed to occur within the contractual deadline. Also, Danio, and not the defendant-entity that provided the funds, was the prospective purchaser of the home.

Rosner Moscow & Napierala, LLP

cc: Joseph A. D'Amico, Esq. (w/o enclosure)
    Edward DelliPaoli, Esq.
    Alfred Zappala
    Rosalie Zappala
    Alfonso Danio
    Vincent Danio

> The Court has considered all of the Receiver's arguments regarding the $124,000 check drawn on the bank account of defendant RF Group Holdings, LLC, and hereby denies the Receiver's request that the Court reconsider its June 2, 2005 Order.
>
> SO ORDERED
>
> Date: 6/9/05
>
> Shira A. Scheindlin
> U.S.D.J.

3