# Rosner Moscow & Napierala, LLP

ATTORNEYS AT LAW

THREE NEW YORK PLAZA - 14TH FLOOR

NEW YORK, NEW YORK 10004-2442

(212) 785-2577

TELEFAX: (212) 785-5203

BRIAN ROSNER, ESQ.
JOHN W. MOSCOW, ESQ.
NATALIE A. NAPIERALA, ESQ.

HEATHER J. HAASE, ESQ.*
TIFFANY E. CALE, ESQ.**
JACK A. BLUM, ESQ.***
SCHEHERAZADE SALIMI, ESQ.
 OF COUNSEL

*Also Admitted in TX
**Also Admitted in CA and NJ
***Admitted in DC

JUN 2 4 2005

June 15, 2005

*Via Hand Delivery*
Honorable Shira A. Scheindlin
United States District Judge
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rom 1620
New York, NY 10007-1312

  Re: *U.S. Commodity Futures Trading Commission v. Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur,* 05 CV 2181 (S.D.N.Y.) (S. Scheindlin)

Dear Judge Scheindlin:

  Enclosed please find the Receiver's Second Request for Compensation, which the Receiver submits pursuant to Paragraph VIII of the *ex parte* statutory restraining order entered on February 16, 2005 in the above-referenced matter. The Second Request for Compensation covers services provided between April 1, 2005 and May 31, 2005.[1]

---

[1] As set forth in the First Request for Compensation, the Receiver's requests for compensation include hourly billing for services rendered. Due to the public-service nature of this appointment, the Receiver has agreed to waive his hourly rate as well as any receivership fee.

I.  **Liquidation of Premises**

As we previously advised the Court, the Richmond Global premises located at 106 New Dorp Plaza 2B, Staten Island, New York were liquidated and closed on February 17, 2005. On that date, the Receiver changed the locks at the premises and secured the defendants' books and records. The Receiver continues to store computers, computer hard drives and 29 boxes of documents for a nominal charge at a Long Island storage facility. The Receiver has retained approximately 17 boxes of documents at the law firm premises.[2]

II. **The Defendants' Former Customers**

As we previously advised the Court, the Receiver recently sent an introductory letter and 1099B forms prepared by Richmond Global's accountant, Del Rey and Company LLP, to over 200 customers who had open and active accounts with the defendants in the year ending 2004. In addition, the Receiver recently sent an introductory letter to over 50 historic investors whose accounts were closed prior to 2004 and to customers who opened accounts in 2005.[3]

We are in ongoing contact with former customers concerning various issues, including the Receiver's investigation, the status of the pending civil and criminal suits, and asset allocation. Also, to reconcile Richmond Global bank and customer accounts, we continue to contact former customers to request specific deposit, withdrawal and trading information.

III. **Receiver's Expert**

The Receiver has retained Joseph Merlino, an expert in foreign currency trading, who will investigate the defendants' allegedly fraudulent trading practices, assess customers' deposits, withdrawals, profits and losses, prepare a report of his findings and opinions, and formulate equitable proposed asset allocation plans.[4]

Mr. Merlino is currently reconciling the foreign exchange trading customer accounts and identifying additional customers who invested in Richmond Global real estate and loan programs. Mr. Merlino recently identified three customers who invested approximately $225,000 in Richmond Global real estate programs. He has also identified 40 additional customers who lent a total of approximately $500,000 to Richmond Global for business expansion and operations. Mr. Merlino continues to reconcile the foreign exchange trading customer accounts.

---

[2] The defendants' books and records have been and still are available for the defendants' and/or their counsels' review and copying.

[3] A copy of the Receiver's March 30, 2005 letter to customers was enclosed with the Receiver's First Request for Compensation.

[4] Mr. Merlino's experience and qualifications are discussed in the First Request for Compensation.

2

## IV. Restrained Funds

The Receiver continues to search for the defendants' assets. To date, the Receiver has issued subpoenas to banks, individuals, and other third parties, nearly all of whom have provided the Receiver with requested information. The Receiver is using this information to locate and recover additional assets and to assist Mr. Merlino with the account reconciliation necessary for creating asset allocation plans and the expert report.

As of April 7, 2005, the Receiver has restrained and requested the transfer of a total of $314,000 to the receivership account. This figure includes assets previously located outside of the United States. Pursuant to the Court's June 2 and June 9, 2005 Orders, an additional $15,000 will be transferred from the escrow account of Joseph D' Amico, attorney-at-law, to the receivership account.[5]

## V. Trading Analysis

The Receiver and Mr. Merlino are currently reviewing and analyzing the books and records of Richmond Global and its related entities. We continue to interview former employees, customers, and other third parties to understand what caused the pattern of trading losses. We are also reconstructing historical information about customers' trading accounts, including account deposits, withdrawals and remaining equity. We are receiving invaluable assistance from a former employee who is assisting the Receiver's expert in analyzing computer data and various customer documents.

At the request of defendant Miron Vinokur's criminal defense counsel, Mr. Merlino recently prepared an excel spreadsheet setting forth Mr. Vinokur's list of customer accounts and trading results, and the Receiver provided this spreadsheet to his counsel and the government. Mr. Merlino obtained this information from RGA databases and customers' statements.

---

[5] The Receiver located a copy of a $24,000 check issued by defendant RG Group Holdings, LLC, signed by defendant Vincenzo Danio, and made payable to Joseph D'Amico. Based upon the Receiver's investigation and the Receiver's written and oral communications with Mr. D'Amico, he learned that the $24,000, along with an additional $6,000 provided by non-defendant Alfonso Danio, father of Vincenzo, served as a down payment for the purchase of real property located at 385 Father Capodanno Boulevard, Staten Island, New York. The Receiver requested that the Court find that the $24,000 is a receivership asset and order that it be transferred to the receivership account, so that these funds may be distributed to Richmond Global Holdings' customers pursuant to a future court-approved asset-allocation plan. The Receiver also requested that the Court order that the $6,000 be restrained until the Receiver determines whether these funds are a receivership asset.

3

VI. <u>Asset Allocation Plans</u>

Merlino is expeditiously reconstructing and verifying all Richmond Global customer accounts. We anticipate that, within a short period of time, we will submit to the Court various proposed asset allocation plans for the restrained funds. After approval of an asset allocation plan, the Receiver will provide customers with notice of the plan and an opportunity to object. Once the objections are received and the Court has modified the asset allocation plan (to the degree warranted by meritorious objections), the Receiver will distribute the restrained funds to former Richmond Global customers in accordance with the approved asset allocation plan.

***

Enclosed for the Court's review and approval are the Receiver's and Mr. Merlino's detailed bills, which include disbursements. Should these bills be approved for payment, such payment will be made from the Receiver's operating account.

The First Request for Compensation is:

- Receiver: $42,785.54; and

- Joseph Merlino: $14,270.00

The Second Request for Compensation is:

- Receiver: $17,670.71; and

- Joseph Merlino: $15,710.00.

For the Court's convenience, this letter contains an approval line to authorize payment of the Receiver's First and Second Requests for Compensation. I am pleased to answer any questions the Court may have regarding the foregoing or the enclosed bills.

Very truly yours,

Natalie A. Napierala,
Counsel to the Receiver,
John Moscow

encls.

cc: Counsel and Parties of Record

Payment of the Receiver's First and Second Requests for Compensation is approved in the amounts submitted.

SO ORDERED, at New York, New York, this ___1___ day of _July_, 2005

_____
UNITED STATES DISTRICT JUDGE