# Rosner Moscow & Napierala, LLP

ATTORNEYS AT LAW

THREE NEW YORK PLAZA - 14TH FLOOR

NEW YORK, NEW YORK 10004-2442

(212) 785-2577

TELEFAX: (212) 785-5203



BRIAN ROSNER, ESQ.

JOHN W. MOSCOW, ESQ.

NATALIE A. NAPIERALA, ESQ.

HEATHER J. HAASE, ESQ.*

TIFFANY E. CALE, ESQ.**

JACK A. BLUM, ESQ.***

SCHEHERAZADE SALIMI, ESQ.
    OF COUNSEL

*Also Admitted in TX
**Also Admitted in CA and NJ
***Admitted in DC

September 6, 2005

*Via First Class Mail*

Honorable Shira A. Scheindlin

United States District Judge

 for the Southern District of New York

Daniel Patrick Moynihan United States Courthouse

500 Pearl Street, Rom 1620

New York, NY 10007-1312

Re:   *U.S. Commodity Futures Trading Commission v. Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur, 05 CV 2181 (S.D.N.Y.) (S. Scheindlin)*

Dear Judge Scheindlin:

Enclosed please find the Receiver's Third Request for Compensation, which the Receiver submits pursuant to Paragraph VIII of the *ex parte* statutory restraining order entered on February 16, 2005 in the above-referenced matter. The Third Request for Compensation covers services provided between June 1, 2005 and August 31, 2005.

## I.    Asset Allocation Plans

As the Court is aware, the Receiver has retained Joseph Merlino, an expert in foreign currency trading, who is investigating the defendants' allegedly fraudulent trading practices, assessing customers' deposits, withdrawals, profits and losses,

Rosner Moscow & Napierala, LLP

preparing a report of his findings and opinions, and formulating proposed asset allocation plans.

Given the investigation that we have already undertaken, we do not believe that we will uncover additional receivership assets. To preserve current receivership assets, the Receiver believes that it is necessary to expeditiously reconcile client account information and to formulate proposed asset allocation plans.

Mr. Merlino has finished his review of records concerning more than 250 clients who invested in foreign exchange trading through Richmond Global Managed Account, LLC ("RGM").[1] Specifically, Mr. Merlino has reviewed RGM's handwritten ledgers and computer records and has had detailed discussions with numerous clients regarding their accounts. Mr. Merlino has also identified three foreign exchange traders responsible for the trading activity in these client accounts.[2] Mr. Merlino's investigation includes accounts that were opened between late 2001 and February 17, 2005, when the company closed.

Mr. Merlino has also finished his review of the three clients who invested approximately $225,000 in a real estate program through RG Group Holdings, LLC ("RGGH"), a named defendant. Mr. Merlino had a lengthy interview with the broker who introduced the three real estate clients to RGGH, has reviewed RGGH's handwritten ledgers, and has had discussions with the three clients about their investments.

## A. The Loan Clients

As previously noted to the Court, Mr. Merlino identified approximately 40 additional clients who lent in excess of $500,000 to Richmond Global Associates, LLC ("RGA") for branch expansion and business operations ("Loan Clients"). Information about the Loan Clients does not appear in any of the defendants' computer data, and, therefore, the Receiver's expert has started to review handwritten notes discovered in the defendants' files. His investigation confirms that, in exchange for the loans with a maturity date usually two years from date of the loan, the Loan Clients would receive a return of 15% per annum, paid quarterly.

The Receiver seeks the Court's guidance on continuing the investigation of the Loan Clients. This investigation would likely be time consuming because it would include discussions with all Loan Clients and a detailed review of the defendants' bank records to reconcile the Loan Clients' accounts.

---

[1]    There are approximately four clients who have not responded to Mr. Merlino's request for additional account information and require further investigation. Mr. Merlino will continue to attempt to contact these clients to request the information needed to reconcile their accounts.

[2]    We have interviewed one trader, and expect to interview the other traders soon.

Rosner Moscow & Napierala, LLP

The Receiver believes that the Loan Clients should not be included in the proposed asset allocation plans.  Although the Loan Clients are likely victims of fraud, they invested in the expansion of the defendant companies accused of fraudulent foreign exchange trading and real estate activity.  Unlike the clients who invested in the foreign exchange trading and real estate programs offered by the defendants, the Loan Clients were lending money to aid in the future growth and expansion of the defendant companies, making them closer to co-venturers (at 15% interest) than investors in the defendants' programs.  The Receiver's review of the defendants' bank records, however, reveals that all client monies were readily transferred from one Richmond Global bank account to another, and that the foreign exchange, real estate and Loan Client funds were commingled.

If the Court agrees that the Loan Clients should not be included in the proposed asset allocation plans, Mr. Merlino will finalize the reconciliation of all Richmond Global foreign exchange and real estate client accounts.  We anticipate that, within a short period of time, we will submit to the Court various proposed asset allocation plans for the remaining restrained funds and a written report setting forth our investigative findings and opinions.

If the Court believes that the Loan Clients should be included in the proposed asset allocation plans, Mr. Merlino will continue his investigation, as outlined above.  In either case, the Receiver's expert will identify the Loan Clients and the amount of their investment as reported in the handwritten ledgers.

*** 

Enclosed for the Court's review and approval are the Receiver's and Mr. Merlino's detailed bills for June, July and August 2005, which include disbursements.  Should these bills be approved for payment, such payment will be made from the Receiver's operating account.

The Third Request for Compensation is:

· Receiver: $8,606.66

· Joseph Merlino: $8,652.34.

For the Court's convenience, this letter contains an approval line to authorize payment of the Receiver's Third Request for Compensation.  I am pleased to answer any questions the Court may have regarding the foregoing or the enclosed bills.

Very truly yours,

Natalie A. Napierala,
Counsel to the Receiver,
John Moscow

3

Rosner Moscow & Napierala, LLP

encls.

cc:  Counsel and Parties of Record (w/out enclosures)

Payment of the Receiver's Third Request for Compensation is approved in the amounts submitted.

SO ORDERED, at New York, New York, this ____ day of ____, 2005

_____
UNITED STATES DISTRICT JUDGE