**Rosner Moscow & Napierala,**
ATTORNEYS AT LAW
26 BROADWAY - 22ND FLOOR
NEW YORK, NEW YORK 10004-1808
(212) 785-2577
TELEFAX: (212) 785-5203

MEMO ENDORSED

BRIAN ROSNER, ESQ.
JOHN W. MOSCOW, ESQ.
NATALIE A. NAPIERALA, ESQ.

HEATHER J. HAASE, ESQ.*
TIFFANY E. CALE, ESQ.**
JACK A. BLUM, ESQ.***
JOHN P. HANNON, ESQ.
OF COUNSEL

*Also Admitted in TX
**Also Admitted in CA and NJ
***Admitted in DC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/06

February 13, 2006

RECD IN
CHAMBERS
FEB 15 2006
JUDGE SCHEIN

*Via First Class Mail*
Honorable Shira A. Scheindlin
United States District Judge
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rom 1620
New York, NY 10007-1312

Re:   *U.S. Commodity Futures Trading Commission v. Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur,* 05 CV 2181 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

Enclosed please find the Receiver's Fifth Request for Compensation, which the Receiver submits pursuant to Paragraph VIII of the *ex parte* statutory restraining order entered on February 16, 2005 in the above-referenced matter. This Request for Compensation covers services provided between December 1, 2005 and January 31, 2006.

I.   THE CLIENT ACCOUNT SPREADSHEETS

As I previously advised the Court, the Receiver's expert, Mr. Joseph Merlino, and I have evaluated Richmond Global's client account data, the defendants' books and

Rosner Moscow & Naplerala, LLP

records, and subpoenaed bank records for the purposes of asset allocation and restitution. Mr. Merlino has also contacted numerous clients for otherwise unavailable information.

We are pleased to enclose a copy of client account spreadsheets, along with definitions of the spreadsheets' terms. As we continue our investigation, the spreadsheets may be subject to minor revisions. We have previously furnished the spreadsheets and definitions to the defendants' counsel and to the CFTC and USAO. Mr. Merlino is available to discuss the spreadsheets, should the Court, government agencies or defendants' counsel wish to do so.

The Receiver's proposed asset allocation plans will be based upon the data set forth in the final spreadsheets.

## II. PROPOSED ASSET ALLOCATION PLANS AND TAX LIABILITIES

As noted in our prior correspondence with the Court, we do not believe that there are additional assets that could be frozen and included in an asset allocation plan.

Prior to the distribution of the restrained funds, we must resolve any potential tax liens and/or liabilities. We researched whether the Richmond Global assets can be used to pay any tax liability; whether, under the "constructive trust" doctrine, amounts obtained through fraud are deemed to be held in constructive trust for victims; and how the various claims to the Richmond Global entities' assets, including the Internal Revenue Service's possible claims and investors' claims, are to be prioritized. I also consulted a tax expert on these issues.

In light of this research and my consultation, it has been determined that the best course of action is to reach a settlement with the Internal Revenue Service and New York State as to any tax liability before finalizing a comprehensive asset allocation plan: courts addressing this issue have held that tax liens take priority over investors' claims.

Hence, I have written to the relevant federal and state agencies requesting all documentation concerning any tax liens and warrants against all the defendant entities. I have also confirmed with the defendants' accountants, Del Rey & Company, that it has no information on any federal, state or local tax liabilities, and so forth, for the 2005 tax year.

Following resolution of the tax liabilities, we will provide the Court with proposed asset allocation plans, and the Receiver's recommendation as to which plan or plans should be selected.

We also look forward to submitting to the Court Mr. Merlino's expert report, which will include summaries of interviews with former employees, traders and clients, findings, and opinions.

Rosner Moscow & Napierala, LLP

### III. FORMER CUSTOMERS

Mr. Merlino and I are communicating with former customers to confirm account information and to provide former clients with updates on the status of the civil and criminal suits. We are also updating the clients' addresses from the defendants' client files so that we may have accurate addresses for distribution of the restrained funds under the court-approved asset allocation plan.

\*\*\*

Enclosed for the Court's review and approval are the Receiver's and Mr. Merlino's detailed bills for December 1, 2005 through January 31, 2006, which include disbursements. Should these bills be approved for payment, such payment will be made from the Receiver's operating account.

The Fourth Request for Compensation is:

- Receiver: $7,263.48

- Joseph Merlino: $4,967

This letter contains an approval line to authorize payment of the Receiver's Fifth Request for Compensation. I would be pleased to answer any questions the Court may have regarding the foregoing or the enclosed bills.

Very truly yours,

Natalie A. Napierala,
Counsel to the Receiver,
John W. Moscow

encs.

cc: Counsel and Parties of Record (w/out enclosures)

Payment of the Receiver's Fifth Request for Compensation is approved in the amounts submitted.

SO ORDERED, at New York, New York, this ____ day of _____, 2005

_____
UNITED STATES DISTRICT JUDGE

3