UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

U. S. COMMODITY FUTURES TRADING
COMMISSION

        -v-

RICHMOND GLOBAL ASSOCIATES,
L.L.C., et al.                                      **NOTICE OF MOTION**

                                                                  2:05-CV-2181 (S.A.S.)

------------------------------------------------------- X

      PLEASE TAKE NOTICE, that upon the annexed Declaration of Lawrence F. Ruggiero, Esq., counsel for Joseph Pappalardo, dated April 19, 2006, the annexed affidavit of Joseph Pappalardo, dated April 18, 2006, and upon all prior pleadings and proceedings had herein, the Undersigned will move this Court before the Honorable Shira A. Scheindlin, District Court Judge for the Southern District of New York, at the Southern District Courthouse located at 500 Pearl Street, New York, New York 10007, at a date and time to be fixed by the Court for the following relief:

      1) To be relieved as counsel from this case pursuant to Rule 1.4 of the Local Civil Rules of this Court;

      2) To allow Joseph Papparlardo to represent himself pursuant to § 35 of the Judiciary Act of 1789;

3) Such other and further relief as this Court deems just, fair and proper.

Respectfully submitted,

_____S/_____
Lawrence F. Ruggiero, Esq.
*Counsel for Joseph Pappalardo*
167 East 61st Street, Rm.17E
New York, New York 10021
(212) 406-2910


To: Clerk of the Court
    Karin R. Roth, Esq.,
    U.S. Commodity Futures Trading Commission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

U. S. COMMODITY FUTURES TRADING
COMMISSION

         -v-

RICHMOND GLOBAL ASSOCIATES,
L.L.C., et al.                                         **DECLARATION**

                                                                       2:05-CV-2181 (S.A.S.)

------------------------------------------------------- X

SOUTHERN DISTRICT OF NEW YORK, SS:

       Lawrence F. Ruggiero hereby declares the following under 18 U.S.C. Section 1746:

       1) I am counsel for the defendant Joseph Pappalardo. I submit this Declaration and the accompanying Affidavit of my client in support of a motion to be relieved from this case pursuant to Local Civil Rule 1.4.

       2) Local Rule 1.4 states:

> An attorney who has appeared as attorney of record for a
> party may be relieved or displaced only by order of the court
> and may not withdraw form a case without leave of the court
> granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for
> withdrawal or displacement and the posture of the case, including
> its position, if any, on the calendar.

       3) To begin, this case is in its early stages. As there are parallel criminal matters, formal discovery proceedings were stayed. The posture of this case as of March 24th, 2006 pursuant to a Joint Discovery Order signed by this Court on that date is as follows:

Depositions due by 12/8/06, Interrogatories due by 6/2/06, Motions due by 1/5/07, Replies due by 3/2/07, and Responses due by 2/2/07.

    4) Because this posture of this case is well prior to trial, a motion to be relieved should receive favorable consideration. In addressing such motions, district courts typically consider whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." See Brown v. National Survival Games, Inc., 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 181994) (finding that because "discovery is not complete and the case is not presently scheduled for trial. . . . granting the instant motion will not likely cause undue delay"); compare Ghessani v. Trico III Petroleum Inc., 2005 U.S. Dist. Lexis 29084 (S.D.N.Y. 2005) (To permit the requested withdrawal just prior to the trial would cause disruption to the Court's calendar and waste precious judicial resources); Malarkey v. Texaco, Inc., 1989 U.S. Dist. Lexis 8764 (S.D.N.Y. 1989) (denying counsel's motion to withdraw when the case is "on the verge of trial readiness").

    5) Given that discovery has not even begun in this case, my withdrawal will not cause undue delay in the litigation nor disrupt the processes of the court.[1]

    6) Furthermore, for financial and other reasons, my client wishes to represent himself in this matter. The right of self-representation in civil cases is conferred by § 35 of the Judiciary Act of 1789, and is a right of "high standing." O'Reilly v. New York Times, 692 F.2d 863 (2d Cir. 1982). The right to self-representation must be timely asserted. United States v. Bentvena, 319 F.2d 916, 938 (2 Cir. 1963). The right is "unqualified" if invoked prior to trial but is "sharply curtailed" if first asserted after the trial has begun. United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2 Cir.), cert. denied, 384 U.S. 1007 (1965).

    7) As my client is asserting his right to self-representation in a timely matter, prior to trial, it should, respectfully, be honored by this Court.

---

[1] Apparently, in error, the Commodities Futures Trading Corp. prematurely sent out discovery materials in contravention of the court order.

8) Additionally, I move for "permissive withdrawal" under the Model Code of Professional Responsibility. Some bases for such withdrawal are: (i) client's "conduct has rendered it unreasonably difficult for attorney to carry out employment effectively," DR 2-110(C) (1) (d); and (ii) client has "deliberately disregarded an agreement or obligation to attorney as to expenses or fees," DR 2-110(C) (1) (f).[2]

9) At his juncture, it is no longer possible for me to carry out my employment effectively because my client has never paid me to represent him in this case. I did so on the condition that the client would meet his financial obligations to me for my representation of him in two pending federal criminal cases, U.S. v. Kuretski, et al., 05 Cr. 059 (RJD), pending in the United States District Court for the Eastern District of New York and U.S. v. Danio et al., which had been pending in the United States Court for the Southern District of New York. I have since had both cases consolidated in the Eastern District of New York for guilty pleas and sentencing.

10) My client has advised me, however, that he is not in a position to meet his financial obligations to me pursuant to our retainer agreement. I was given a $7,500 retainer to represent him in the above mentioned criminal cases, and have done extensive work in those cases. Yet he my client has been unable to conform to our retainer agreement which requires that he pay me $50,000 for both criminal cases combined since they will be disposed of by guilty pleas.

11) Finally, my client is not opposed to this motion, as stated in his affidavit herewith, and asserts his right to self-representation.

---

[2] Although the Model Code "was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a motion to withdraw as counsel," the Model Code "provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel." Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55, 57 (2d Cir. 1996) (citing New York implementation of Model Code in affirming district court's decision granting counsel's withdrawal motion).

WHEREFORE, for the reasons stated above, the relief sought herein should be granted and such other and further relief as the Court deems just, fair and proper.

          Respectfully submitted,

          ____S/_____
          Lawrence F. Ruggiero, Esq.
          *Counsel for Joseph Pappalardo*
          167 East 61st Street, Rm.17E
          New York, New York 10021
          (212) 406-2910

Dated:  April 19, 2006
       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

U. S. COMMODITY FUTURES TRADING
COMMISSION

-v-

RICHMOND GLOBAL ASSOCIATES,
L.L.C., et al.                                                                              **AFFIDAVIT**

2:05-CV-2181 (S.A.S.)

------------------------------------------------------------ X

STATE OF NEW YORK  )
                                  SS: )
COUNTY OF KINGS    )

Joseph Pappalardo, being duly sworn, deposes and says:

1) I am a defendant in the above case. I submit this affidavit in support of my Attorney's motion to be relieved from this case pursuant to Local Civil Rule 1.4, and in support of my request to represent myself.

2) I do not believe I need any further representation by counsel in this case. I am fully familiar with the facts, the accusations, and my defense to those charges. I am confident that I can protect my own interests.

3) Mr. Ruggiero has not been paid to represent me in this case. He appeared in this case because it is related to a criminal case in which he does represent me, U.S. v. Danio, et al., 05 Cr. 157 (BSJ), in the United States District Court for the Southern District of New York which has been consolidated with another case in which he represents me, U.S. v. Kuretski, 05 Cr. 56 (RJD), in the Eastern District of New York. Furthermore, I am not financially equipped to pay any further legal fees in this case. Nor can I meet the terms of my retainer agreement with Mr. Ruggiero for representing me in

the above criminal cases. I have exhausted the seven thousand five hundred dollar retainer I paid him to represent me in both criminal cases and will not be able to replenish those funds as I agreed I would. I do not want an attorney to represent me when I cannot fairly compensate that person.

4) I have been told by my attorney that the right to self-representation, if timely asserted, is "unqualified." I hereby assert that right and request that the Court grant Mr. Ruggiero's motion to be relieved from this case.

_____
Joseph Pappalardo

Sworn to before me this
18th day of April, 2006

_____
Notary Public

DELCINA CALDERON
Notary Public, State of New York
No. 01CA6138053
Qualified in Richmond County
Commission Expires _____

2