# Rosner Moscow & Napierala, LLP

ATTORNEYS AT LAW

26 BROADWAY - 22ND FLOOR

NEW YORK, NEW YORK 10004-1808

(212) 785-2577

TELEFAX: (212) 785-5203

BRIAN ROSNER, ESQ.
JOHN W. MOSCOW, ESQ.
NATALIE A. NAPIERALA, ESQ.

HEATHER J. HAASE, ESQ.*
TIFFANY E. CALE, ESQ.**
JACK A. BLUM, ESQ.***
JOHN P. HANNON, ESQ.
OF COUNSEL

*Also Admitted in TX
**Also Admitted in CA and NJ
***Admitted in DC

June 14, 2006

*Via First Class Mail*
Honorable Shira A. Scheindlin
United States District Judge
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rom 1620
New York, NY 10007-1312

Re:   *U.S. Commodity Futures Trading Commission v. Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC, Vincenzo Danio, Joseph Pappalardo, Ronald Turner, and Miron Vinokur,* 05 CV 2181 (S.D.N.Y.) (SAS)

Dear Judge Scheindlin:

Enclosed please find the Receiver's Seventh Request for Compensation, which the Receiver submits pursuant to Paragraph VIII of the *ex parte* statutory restraining order entered on February 16, 2005 in the above-referenced matter. This Request for Compensation covers services provided between April 1, 2006 and May 31, 2006.

I.   **ADDITIONAL RECEIVERSHIP ASSETS**

While analyzing the defendant entities' books and records, expert Joe Merlino discovered additional receivership assets. The Receiver served subpoenas on the relevant third parties, and, in response, they transferred or will transfer the following receivership assets:

Rosner Moscow & Napierala, LLP

- R Direct Marketing, Inc. transferred $5,889.00. Richmond Global Associates, Inc., acting as an introducing broker, had marketed mortgage products for Staten Island Mortgage through R Direct. The transferred funds represent commissions due to Richmond Global MCA and RGA for marketing these mortgage products.

- Mortgage Central of New York Corp. transferred $4,536.15. These funds represent compensation due defendant Danio for introducing a client to Mortgage Central. Mortgage Central has advised us that the defendants only introduced a single client to Mortgage Central.

- Paul Moran, a former Richmond Global trader, confirmed that he will be forwarding payment for $5,454.20. This amount represents a portion of rebate commissions, due RGA, that Mr. Moran had received directly from ODL, a futures commission merchant. Due to his current financial situation, several installments will be forwarded over the next few months.

- The defendants' accountants, Del Rey & Company CPAs, LLC, also forwarded $112.00, which is Richmond Global Associates, LLC's federal unemployment insurance refund.

We look forward to including these receivership assets in the proposed asset allocation plan.

II.   **PROPOSED ASSET ALLOCATION PLANS AND TAX LIABILITIES**

As I previously advised the Court, the Receiver must resolve the defendant entities' federal and state tax liabilities before distributing the funds held in receivership.

Courts addressing receivership entities' tax liabilities have held that tax liens take priority over investors' claims. But, to the extent that assets can be traced back to victim deposits, a constructive trust would likely apply to such assets, and they would not be available to satisfy tax liabilities.

We are mindful of the fact that, under the Federal Tax Priority statute, a receiver who makes an improper distribution is subject to personal liability. In an effort to avoid any issues arising after the assets are allocated to the clients, we are attempting to settle claimed tax liabilities with relevant taxing authorities. We do not believe that these claims should be settled for the full amount of tax liability, given the likely applicability of the constructive trust doctrine.

To date, I have received required information from the New York State taxing authorities. The IRS has advised me that it will provide required information soon.

As previously advised, neither the Receiver nor the CFTC believes that an expert report is required under the present circumstances. Ordinarily, an expert report would contain detailed factual findings about trading procedures and results. In the event that the report would be useful to the Court, we would be pleased to provide one.

Rosner Moscow & Napierala, LLP

### III. FORMER CUSTOMERS

Mr. Merlino and I continue to communicate with former clients to confirm account information. We also provide former clients with updates on the status of the civil and criminal suits and the pending distribution of the restrained funds under a court-approved asset allocation plan. Del Rey also provided updated client account information and assisted on tax liability issues.

\*\*\*

Enclosed for the Court's review and approval are the Receiver's and Mr. Merlino's detailed bills for April 1, 2006 and May 31, 2006, which include disbursements. Should these bills be approved for payment, such payment will be made from the Receiver's operating account.

The Seventh Request for Compensation is:

- Receiver: $4,089.75

- Joseph Merlino: $3,917.00

This letter contains an approval line to authorize payment of the Receiver's Seventh Request for Compensation. I would be pleased to answer any questions the Court may have regarding the foregoing or the enclosed bills.

Very truly yours,

Natalie A. Napierala,
Counsel to the Receiver,
John W. Moscow

encs.

cc: Counsel and Parties of Record (w/out enclosures)

3

Rosner Moscow & Napierala, LLP

    Payment of the Receiver's Seventh Request for Compensation is approved in the amounts submitted.

SO ORDERED, at New York, New York, this ___ day of _____, 2006

                                                        UNITED STATES DISTRICT JUDGE

4