UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
U.S. COMMODITY FUTURES              :
TRADING COMMISSION,                 :   05 CV 2181 (SAS)
              Plaintiff,       :
    v.                              :   **ORDER FOR ENTRY**
                           :   **OF JUDGMENT BY DEFAULT**
RICHMOND GLOBAL ASSOCIATES, LLC,    :   **AGAINST RICHMOND**
et. al.                             :   **GLOBAL ASSOCIATES, LLC,**
              Defendants.      :   **RICHMOND GLOBAL**
                           :   **DIRECTOR, LLC, RICHMOND**
                           :   **GLOBAL MCA, LLC,**
                           :   **RICHMOND GLOBAL**
                           :   **MANAGED ACCOUNT, LLC,**
                           :   **RICHMOND GLOBAL, LTD,**
                           :   **RG GROUP HOLDINGS, LLC,**
                           :   **AND VINCENT DANIO**
---------------------------------------------------------------x

       On February 16, 2005, the Commission commenced this action under seal with the filing of the Complaint charging that defendants Richmond Global Associates, LLC, Richmond Global Director, LLC, Richmond Global MCA, LLC, Richmond Global Managed Account, LLC, Richmond Global, Ltd., RG Group Holdings, LLC (collectively the "Richmond Global Entities"), Vincent Danio ("Danio") and others defrauded retail customers in violation of the Commodity Exchange Act (the "Act") and the Commission's Regulations promulgated thereunder (the "Regulations"). In its Complaint, the Commission alleged that the defendants fraudulently solicited retail customers by, among other things, making false promises of high returns, failing to disclose hidden commission charges, issuing account statements that falsely characterized the undisclosed commissions as trading losses, making false representations regarding the risk of foreign currency ("forex") trading as well as their experience and past performance in trading forex, and misappropriating customer funds.

       Also on February 16, 2005, the Court granted the Commission's application for an *ex*

*parte* statutory restraining order freezing Defendants' assets, prohibiting Defendants from destroying or altering any books, records or other documents and appointing a temporary receiver and an order to show cause why a preliminary injunction should not be entered. This Order remains in effect.

The Richmond Global Entities and Danio were properly served with the Complaint and have failed to appear, plead, file an answer or otherwise defend this action. The Richmond Global Entities are business entities and Danio is not an infant, in the military or incompetent. On April 5 and 6, 2005, the Clerk of the Court issued certificates of default holding the Richmond Global Entities and Danio in default pursuant to Local Rule 55.1 and Rule 55(a) of the Federal Rules of Civil Procedure.

The Commission submitted its Motion for Entry of Judgment by Default against the Richmond Global Entities and Danio pursuant to Local Rule 55.2(b) and Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Court has carefully considered the Complaint, the motion, and other written submissions of the Commission filed with the Court, and being fully advised, hereby:

**GRANTS** the Commission's Motion for Entry of Judgment by Default against the Richmond Global Entities and Danio. The Court therefore directs the entry of a permanent injunction and orders the Richmond Global Entities and Danio to pay restitution and a civil monetary penalty as set forth herein.

### ORDER

**A. Permanent Injunctions**

**IT IS HEREBY ORDERED** that the Richmond Global Entities and Danio are permanently restrained, enjoined and prohibited from directly or indirectly:

1. Cheating or defrauding or attempting to cheat or defraud other persons, or willfully making or causing to be made to another person any false report or statement thereof, or willfully entering or causing to be entered for another person any false record thereof, or willfully deceiving or attempting to deceive another person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed with respect to any order or contract for another person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for:

    (a) hedging any transaction in interstate commerce in a commodity or the products or byproducts thereof;

    (b) determining the price basis of any transaction in interstate commerce in such commodity; or

    (c) delivering any commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

    in violation of Section 4b(a)(2) of the Act , 7 U.S.C. § 6b(a)(2); and

2. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

3. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

4. Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

5. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9);

6. Entering into any commodity interest transactions for their or his own personal account, for any account in which they or he has a direct or indirect interest and/or having any commodity interests traded on their or his behalf; and/or

7. Engaging in any business activities related to commodity interest trading.

B.   **Order for Civil Monetary Penalty**

**IT IS FURTHER ORDERED** that each of the six Richmond Global Entities shall pay a civil monetary penalty in the amount of $240,000, consisting of $120,000 for the two substantive violations of the Act as set forth in the Complaint plus post judgment interest. Danio shall pay a civil monetary penalty in the amount of $240,000, consisting of $120,000 for the two substantive violations as set forth in the Complaint plus post judgment interest. Post-judgment interest shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961. Post-judgment interest shall accrue beginning on the date of entry of this Order.

All payments made by the Richmond Global Entities and Danio pursuant to this Order shall be applied first to satisfy their civil restitution obligations and, upon satisfaction of such obligations, shall thereafter be applied to satisfy the civil monetary penalty.

The Richmond Global Entities and Danio shall each pay such civil monetary penalties by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the U.S. Commodity Futures Trading Commission and sent to the address below:

>  U.S. Commodity Futures Trading Commission
>  Division of Enforcement
>  ATTN: Marie Bateman – AMZ-300
>  DOT/FAA/MMAC
>  6500 S. Macarthur Blvd.
>  Oklahoma City, OK 73169

If the payment is to be made by electronic funds transfer, contact Marie Bateman at 405-954-6569 for instructions. The Richmond Global Entities and Danio shall accompany the payment of the penalty with a cover letter that identifies Respondent and the name and docket number of this

proceeding. The payor shall simultaneously transmit a copy of the cover letter and the form of payment to (a) the Director and to the Office of Cooperative Enforcement, Division of Enforcement, U.S. Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th floor, New York, NY 10005.

**C. Restitution**

**IT IS FURTHER ORDERED** that each of the Richmond Global Entities and Danio shall pay and be jointly and severally liable for restitution to defrauded customers in the amount of $1,788,580 plus pre-judgment and post-judgment interest. Pre-judgment interest from February 16, 2005, to the date of this Order, shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961.

The Richmond Global Entities and Danio are ordered to make such restitution payments to Natalie A. Napierala, Esq. Counsel to the Receiver John W. Moscow, Esq. c/o Rosner & Napierala, LLP, 26 Broadway, 22nd Floor, New York, New York 10004-1808, by cashier's check, certified check or postal money order, with cover letter that identifies the name and docket number of this action and the name of this Court. The Richmond Global Entities and Danio shall simultaneously transmit a copy of the cover letter and payment to the Director of the Division of Enforcement and to the Office of Cooperative Enforcement, U.S. Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to the Regional Counsel, U.S. Commodity Futures Trading

Commission, Eastern Regional Office, 140 Broadway, 19th floor, New York, NY 10005.

Danio's restitution obligation in this matter coincides with the criminal restitution obligation entered against him on November 9, 2006 by the U.S. District Court for the Southern District of New York in *United States v. Danio, et al.*, S.D.N.Y. Docket No. 05 Cr. 157. Accordingly, satisfaction in any part of Danio's criminal judgment obligation shall, to the same extent, simultaneously result in satisfaction of Danio's civil restitution obligation. Moreover, satisfaction in any part of Danio's civil restitution obligation in this matter will result in satisfaction of Danio's criminal restitution obligation to the same extent.

All payments made pursuant to this Order by Defendants shall first be made to the defrauded customers for restitution, until those amounts (including interest) are fully satisfied. All payments after satisfaction of restitution shall be applied to the civil monetary penalty described herein.

**D.     Prohibition on Transfer of Funds**

**IT IS FURTHER ORDERED** that the Richmond Global Entities and Danio shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, or any officer that may be appointed by the Court.

**E.     Permanent Receiver**

**IT IS FURTHER ORDERED** that John W. Moscow, Esq., Baker Hostetler, 666 Fifth Avenue, New York, New York 10103 is appointed as a permanent equity receiver to take into his or her immediate custody, control, and possession all cash, cashier's checks, funds, assets, and property of each of the Richmond Global Entities, including funds or property of investors wherever found, whether held in the name of any of the Richmond Global Entities or otherwise,

including, but not limited to, all books and records of account and original entry, electronically stored data, tape recordings, all funds, securities, contents of safety deposit boxes, metals, currencies, coins, real or personal property, commodity futures trading accounts, bank and trust accounts, mutual fund accounts, credit card line-of-credit accounts and other assets, of whatever kind and nature and wherever situated, and authorizing, empowering and directing such receiver to collect and take charge of and to hold and administer the same subject to further order of the Court, in order to prevent irreparable loss, damage and injury to investors, to conserve and prevent the dissipation of funds, to prevent further evasions and violations of the federal commodity laws by the Richmond Global Entities and to satisfy its obligation to pay restitution, disgorge his ill-gotten gains and pay a civil monetary penalty.

### G. Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, at New York, ~~New York~~ on this 14 day of Nov, 2007.

_____
Honorable Shira A. Scheindlin
UNITED STATES DISTRICT JUDGE